By the' Court.
 

 This cause has had a long and varied history. The original petition was filed April 15, 1921, against the plaintiff in error Jackson and The Cincinnati Oakland Motor Company, seeking damages from both, and based on a certain written agreement executed by Jackson.' The petition alleged that in this agreement “Jackson, acting for himself and in behalf of the said Cincinnati Oakland Motor Company, as its agent, agreed to pay to plaintiff”, etc., a certain amount of money. At various times six verdicts were rendered by juries in the Common Pleas
 
 *408
 
 Court, one being a disagreement, one being a verdict for the defendant Jackson, and four being verdicts for the plaintiff Watkins. The first verdict was in favor of the plaintiff and against both of the defendants. The judgment on that verdict against one defendant, The Cincinnati Oakland Motor Company, was reversed because the trial court had erredj in not dismissing it as a party defendant. The cause was remanded, and thereafter proceeded against the defendant Jackson, and, finally, on June 7, 1933, resulted in a verdict and judgment in favor of the plaintiff against Jackson, and that is the judgment which is now attacked, having been affirmed by the Court of Appeals. The cause is in this court on a motion to certify.
 

 The written agreement which has become the storm-petrel of this action was couched in the following language:
 

 “Agreement Made Between Watkins Motors Company and the Cincinnati Oakland Motor Company,
 

 Mr. Martin S. Jackson, Representative.
 

 “As hereby agreed, that in the releasing of the four Oakland Sedans that Watkins Motor Company shall receive their check from The Cincinnati Oakland Motor Company, covering the amount which they had invested in the cars, and that this check shall be due at settlement.
 

 “Invest with G. M. A. C.
 

 “Signed: Martin S. Jackson.
 

 “Signed: G. M. Watkins.”
 

 The chief contention of the plaintiff in error Jackson is that he did not become individually liable under this agreement, but that-the liability, as shown upon its face and proven by attending circumstances, was a liability not of .his own but of The Cincinnati Oakland Motor Company. It will be observed that the Motor Company’s name was not attached to this agreement,' nor was it signed by Jackson as agent for that com
 
 *409
 
 pany. The situation that Jackson finds himself in is paradoxical. He must have signed the agreement either as agent or as an individual. He now claims that whatever liability exists, if any, is not his individual liability, but that of his principal. His own testimony refutes that' claim as there can be no liability against his principal, because he definitely states that he had no authority to sign such agreement. On two occasions, as shown by the bill of exceptions, he has emphatically made that statement. “A person who contracts as agent, without having in fact authority to do so, is personally responsible to those, who, in ignorance of his want of authority contract with him, though he acts in good faith, believing that he is invested with such authority.”
 
 Farmers Co-operative Trust Co.
 
 v.
 
 Floyd,
 
 47 Ohio St., 525. Jackson seeks to evade the consequences announced in the foregoing syllabus by testifying that, while he had no authority to sign the name of his principal, he told Watkins so at the time the agreement was executed, and that Watkins answered “that he would take his chances with the company.” Whether he told Watkins that he had no authority to sign the agreement was a question of fact for the jury to determine. We are unable to follow the mental process of Jackson who testified that, while he signed this agreement, he had no authority to do so at the time he signed it. Furthermore the agreement is executed by Jackson signing his individual name, and does not purport to have been signed by the Motor Company, or by himself as agent of that company.
 

 ■ The trial court charged the jury touching this issue as follows: “The question for your determination, or for the jury to determine under the facts shown by the evidence is, whether the written contract was signed by the defendant, Martin S. Jackson as the agent of the motor company, or in his individual capacity.” On that issue the jury returned a unanimous verdict
 
 *410
 
 against Jackson and in favor of the plaintiff. Furthermore the jury confirmed their finding on that issue by answering the following special interrogatory requested by Jackson himself: “Was-the paper writing in suit and upon which plaintiff predicates his action, signed by the defendant, Martin S. Jackson as agent for The Cincinnati Oakland Motor Company?” .The jury unanimously answered this question “No”.
 

 In view of the facts presented by the testimony, and especially of the fact testified to by Jackson that he had no authority to sign for his principal, it is difficult to perceive how prejudicial error could result.
 

 On the second question advanced by the plaintiff in error, claiming that there was no consideration for the execution of this agreement, we find ourselves in accord with the judgment of the Court of Appeals expressed in an opinion written by the late ■ Judge Mauck of the Fourth Appellate District, holding that there was a sufficient consideration. The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Stephenson, Jones, Matthias, Bevis, Zimmerman and Wilkin, JJ., concur.